No. 00-028

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 271N

IN RE THE MARRIAGE OF

LORI AITKEN,

Petitioner and Respondent,

and

RAY W. AITKEN,

Respondent and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,

In and for the County of Gallatin,

Honorable Mike Salvagni, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Ray W. Aitken, Pro Se, Missoula, Montana

For Respondent:

J. Reuss, Wright, Tolliver and Guthals, Billings, Montana

Submitted on Briefs: June 8, 2000
Decided: October 26, 2000

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 In dissolving the parties' marriage, the Eighteenth Judicial District Court, Gallatin County, determined that Ray W. Aitken was not the father of the minor child named in the dissolution action. From that ruling, Ray appeals.

¶3 Ray argues that the District Court erred in concluding that he was not the natural or adoptive father of the minor child. He cites the presumption that he was the child's father under § 40-6-105(1), MCA, because he was married to the child's mother, the child's birth certificate named him as the father, and he accepted the child into his home. The District Court found, however, that the statutory presumption of paternity was rebutted by the affidavit submitted by the child's mother, Lori Aitken. In that affidavit, Lori stated that the child had been born before she met Ray, that Ray is not the child's biological father, and that Ray's subsequent arrangement to have his name placed on the child's birth certificate occurred only after she had withdrawn her consent for him to do so.

¶4 We review findings of fact to determine whether they are clearly erroneous and conclusions of law to determine whether they are correct. *In re Marriage of Scott* (1997), 283 Mont. 169, 173, 939 P.2d 998, 1000. Having reviewed the record, we conclude that the above finding is not clearly erroneous, and the resulting legal conclusion is correct.

¶5 Ray next asserts that the District Court erred in rejecting his arguments that Lori was barred by both collateral estoppel and equitable estoppel from raising the matters discussed in her affidavit. Ray claims that Lori has litigated these same issues in other courts, in relation to youth in need of care proceedings concerning the child. However, Ray has not established that any final judgment was ever issued in the prior proceedings, as would be necessary for the doctrine of collateral estoppel to apply. *See Estate of Eide v.*

*Tabbert* (1995), 272 Mont. 180, 184, 900 P.2d 292, 295. Further, as the District Court found, Ray has failed to demonstrate the first necessary element of equitable estoppel: conduct, acts, or language amounting to a representation or a concealment of a material fact. *See In re Marriage of K.E.V.* (1994), 267 Mont. 323, 331, 883 P.2d 1246, 1252. Specifically, since the child was undisputedly born before the parties knew each other, Ray cannot seriously contend that he was unaware that he was not the child's birth father. Further, Ray submitted no evidence suggesting that Lori told him that he was the child's birth father. We hold that the District Court was correct in concluding that Ray's collateral estoppel and equitable estoppel arguments were without merit.

¶6 Finally, Ray asserts that the court "erred when it ignored the Gender Based Discrimination Between Spouses law." Ray's brief does not further identify the "Gender Based Discrimination Between Spouses law," instead referring only obliquely to equal justice and due process guarantees. It is not a court's obligation to conduct legal research on a party's behalf, guess at the party's precise position, or develop a legal analysis which may lend support to that position. *See Johansen v. State, Dept. of Natural Resources*, 1998 MT 51, ¶ 24, 288 Mont. 39, ¶ 24, 955 P.2d 653, ¶ 24. We therefore decline to further address this argument.

¶7 Affirmed.

/S/ J. A. TURNAGE

We concur:

/S/ JIM REGNIER

/S/ WILLIAM E. HUNT, SR.

/S/ W. WILLIAM LEAPHART

/S/ TERRY N. TRIEWEILER